Monmouth County Orphans Court.

MARY D. VAUGHAN AND ELSIE D. VAUGHAN, PETITION-
ERS RESPECTIVELY, v. JOHN W. VAUGHAN, INDI-
VIDUALLY AND AS EXECUTOR UNDER THE LAST WILL
AND TESTAMENT OF AMBROSE ERNEST VAUGHAN,
DECEASED, AND ALICE VAUGHAN, DEFENDANTS.

Decided June 19, 1947.

For the petitioner Mary D. Vaughan, *Sidney Alpern.*

For the petitioner Elsie D. Vaughan, *Parsons, Labrecque, Canzona & Combs* (by *Edmund J. Canzona*).

For the defendants, John Vaughan and Alice Vaughan, *Milton Cranmer.*

GIORDANO, C. P. J. Elsie D. Vaughan and Mary D. Vaughan filed petitions in the Orphans Court of this county praying for the assignment of dower. Both women claim to be the lawful wife of Ambrose Ernest Vaughan, deceased.

The respective petitions were, with the consent of counsel, consolidated into one proceeding and the matter was referred by this court on November 25th, 1946, to Maurice Potter, a master in Chancery, and the order of reference recited that the two applications aforesaid were consolidated and the master was instructed to ascertain the truth of the allegations of each petition and to report specifically who is the lawful widow of Ambrose Ernest Vaughan and which petitioner is entitled to an assignment of dower in the lands and tenements whereof Ambrose Ernest Vaughan died seized and what the premises consisted of.

The master filed his report with the court on April 16th, 1947, and the matter is now on before me to either approve or disapprove the master's findings.

The issue concerning the nature and extent of the lands of which Ambrose Ernest Vaughan died seized was resolved by stipulation of the parties. It was agreed that the decedent was seized in fee of eleven lots or parcels of land together with two dwelling houses in the Borough of Oceanport and that these were the only lands in which dower might be claimed by either petitioner.

The only question therefore under consideration and which is the subject-matter of this opinion is whether the Orphans Court has the right to consider the legality of an alleged Florida divorce decree obtained by Ambrose Ernest Vaughan, deceased, against his wife, Mary D. Vaughan, and what effect such decree might have.

Ambrose Ernest Vaughan obtained a divorce, as evidenced by a transcript of the Circuit Court of the Eleventh Judicial District in and for Dade County, Florida, on March 11th,. 1939, against his wife, Mary D. Vaughan. Said divorce dissolved the marriage *a vinculo*.

Subsequent to Ambrose E. Vaughan obtaining his divorce in Florida he married the other petitioner, Elsie D. Vaughan.

The Florida decree is challenged, one, because of the failure of service of process upon Mary D. Vaughan and, two, because the court lacked jurisdiction over the subject-matter. Mary D. Vaughan was not served personally and did not appear in the Florida cause and I am satisfied after reading the evidence submitted before the master that she did not know of the action while it was pending or of the decree until after the event. The Florida court rested its jurisdiction upon publication, and the order for publication, according to an exemplified copy of a transcript of the divorce proceedings which was offered and marked in evidence, was predicated upon an affidavit of Ambrose Ernest Vaughan that he did not know and could not learn of the address of Mary D. Vaughan. I am of the opinion that this affidavit was false and a fraud upon the court. After reading the testimony I am convinced that Vaughan knew where his wife was at the time, at least, he was in a position to ascertain her residence. The uncontradicted testimony of his son, John Vaughan, executor of his last will and testament, and of his secretary, Mrs. Freundschuh, leaves no room for doubt that they knew where she was at all times and that the deceased knew that they knew.

It is contended that the Florida court obtained due process upon the defendant, Mary D. Vaughan, and that its proceedings can not be challenged in this court unless it can likewise be shown that Vaughan was without a *bona fide* domicile in Florida.

The master found it to be a fact that Ambrose Ernest Vaughan, deceased, was and remained a resident of New Jersey until his death, and I concur with him.

It is true, as contended, that the jurisdiction of the Orphans Court is limited to those matters which have by statute been

confided to it. It has no inherent jurisdiction to decide whether a divorce obtained in a foreign jurisdiction is valid or void. The utmost that can be claimed is it may determine questions of law and equity, the decision of which is necessary to the decision of some other matter expressly committed to it. It is a court invested with complete and general jurisdiction of the matters which are expressly given it in charge by the statute. Its action is binding upon all persons in interest. And it follows as a necessary incident to the exercise of this jurisdiction, that the court shall possess the power to determine who the parties in interest are, and as incident to the exercise of that power, to solve any question which must necessarily be decided in reaching that end. But the binding effect of the court's conclusion upon the question will not extend beyond the end for which the conclusion is necessarily reached. The Orphans Court partakes of the powers of Chancery and Prerogative jurisdictions and the statute creating it, being remedial in its nature, is to be liberally construed.

*R. S.* 3:38–4; *N. J. S. A.* 3:38–4 provides that: "A widower or widow entitled to curtesy or dower in real estate whereof his or her spouse died seized may apply by petition to the Orphans Court for the appointment of commissioners to assign the widower or widow his or her curtesy or dower therein."

The petitioners must show that they are entitled to dower and every element in the proof therefor becomes a necessary element of the cause, and the cause is one which has been expressly given to the Orphans Court.

The decision in this case necessarily depends on whether full faith and credit should be given to the alleged Florida decree and that question can not be answered until inquiry is made to learn whether that decree was void or valid. The validity of the alleged Florida decree is therefore a question which must necessarily be decided in reaching a conclusion on a matter entrusted to this court, and there is ample authority that the court may determine questions of law and equity, the decision of which is necessary to the decision of some other matter expressly committed to it, just as the Court of

Chancery may decide legal questions when they arise incidentally and collaterally in a suit rightly instituted for equitable relief.

The case of *Mullaney* v. *Mullaney*, 65 *N. J. Eq.* 384; 54 *Atl. Rep.* 1086, enunciates the principle that the Orphans Court had power to decide the question whether Mrs. Mullaney was in fact the widow of Michael Mullaney, for letters of administration could only be granted to her on this foundation, and if the question were in doubt, it would necessarily hear proof on the subject and this case fully enunciated the theory that if that court, namely, the Orphans Court, could perform its statutory duty without trying questions properly cognizable by some other tribunal, it would be without jurisdiction to pass upon them.

And *Dunham* v. *Marsh*, 52 *N. J. Eq.* 256; 30 *Atl. Rep.* 473; affirmed by the Court of Errors and Appeals, 52 *N. J. Eq.* 831; 31 *Atl. Rep.* 619, said in part: "An Orphans Court may determine any question incidentally and necessarily involved in the due exercise of its jurisdiction, though the determination of that question, if directly presented, would not be within its jurisdiction; but the binding effect of its conclusion upon the question will not extend beyond the end for which the conclusion is necessarily reached."

For the reasons herein expressed the court assumes jurisdiction over the subject-matter and concurs in the factual findings of the master. Mary D. Vaughan was the lawful wife of Ambrose Ernest Vaughan at the time of his death and she is entitled to have dower admeasured to her in the lands agreed upon by stipulation.